UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDISS RENEE BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CV-2503-G |
| SKYLINE PROPERTIES, INC., | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Skyline Properties, Inc. ("Skyline") to dismiss count II of the plaintiff's original complaint for failure to state a claim on which relief can be granted. For the reasons discussed below, the motion is granted.

## I. BACKGROUND

The plaintiff Candiss Renee Bryant ("Bryant") was hired by Skyline as a leasing agent on December 20, 2004. Plaintiff's Original Complaint and Jury Demand ("Complaint") at 3. In mid-April of 2005, Kim Boyd ("Boyd") became the

new property manager.[1] *Id.* at 4. In the following few months, Boyd allegedly harassed Bryant, and although Bryant brought the matter to the attention of Skyline, nothing was done. *Id.* at 4-7. On May 14, 2005, Bryant resigned from Skyline. *Id.* at 7.

On December 22, 2005, Bryant filed this suit, alleging three causes of action under Title VII of the Civil Rights Act of 1964, including one for constructive discharge based upon hostile work environment and retaliation claims. *See* Complaint at 8 ("Second Cause of Action -- Constructive Discharge"). Skyline filed this motion to dismiss Bryant's second cause of action on January 17, 2006. Docket Sheet.

## II. ANALYSIS

### A. Standard for Dismissal Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of her claims that would entitle her to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*,

---

[1] Although not explicitly stated in the complaint, it is the court's impression that Boyd was Bryant's supervisor, rather than her coworker. *See* Complaint at 6 ("Boyd sta[r]ted overriding Plaintiff's decisions at work"; "Boyd . . . informed [Bryant] that she could no longer go over her head with any complaints").

28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to prevent a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

If it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimant an opportunity to amend her claim rather than dismiss it. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985); *Taylor v. Dallas County Hospital District*, 976 F. Supp. 437, 438 (N.D. Tex. 1996). Furthermore, leave to amend a pleading should be freely given and should be granted unless there is some justification for refusal. *Willard*, 336 F.3d at 386.

B. Dismissal of Constructive Discharge Claim

Here, the defendant argues that Bryant's claim of constructive discharge should be dismissed because it is not a freestanding federal cause of action. Defendant's Rule 12(b)(6) Motion to Dismiss Count II of Plaintiff's Original Complaint and Supporting Brief at 1. The court agrees. Although constructive discharge has import in both retaliation[2] and hostile work environment claims,[3] it is not in itself a separate

---

[2] To establish a *prima facie* case of unlawful retaliation under Title VII, Bryant must demonstrate that (1) she engaged in activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between participation in the protected activity and the adverse employment action. See *Webb v. Cardiothoracic Surgery Associates of North Texas, P.A.*, 139 F.3d 532, 540 (5th Cir. 1998); *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 n.8 (5th Cir. 1998); *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996); *Collins v. Baptist Memorial Geriatric Center*, 937 F.2d 190, 193 (5th Cir. 1991), *cert. denied*, 502 U.S. 1072 (1992). When an employee resigns, as Bryant did, she may satisfy the adverse employment action requirement by proving constructive discharge. *Brown v. Bunge Corporation*, 207 F.3d 776, 782 (5th Cir. 2000). "To show constructive discharge, an employee must offer evidence that the employer made the employee's working conditions so intolerable that a reasonable employee would feel compelled to resign." *Barrow v. New Orleans Steamship Association*, 10 F.3d 292, 297 (5th Cir. 1994). Thus, instead of being an independent cause of action, constructive discharge is merely an element in establishing a case of retaliation.

[3] In the case of hostile work environment claims attributable to harassment by a supervisor, harassment "culminat[ing] in a tangible employment action" results in strict liability for an employer while harassment occurring without such tangible employment action permits the employer's use of an affirmative defense. See *Pennsylvania State Police v. Suders*, 542 U.S. 129, 143 (2004) (citing *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. Boca Raton*, 524 U.S. 775, 807-08 (1998)). Therefore, rather than operating as an independent claim, an allegation of constructive discharge functions as a threshold element in determining the appropriate analysis of a hostile work environment claim. See *id.* at 148 (holding that the *Ellerth/Faragher* affirmative defense is still available to employers (continued...)

cause of action. See *Kroll v. Disney Store, Inc.*, 899 F. Supp. 344, 347 (E.D. Mich. 1995); *Turman v. Greenville Independent School District*, No. 3:03-CV-1786-M, 2004 WL 350683, at *2 (N.D. Tex. Jan. 27, 2004) (Lynn, J.) ("[p]laintiff's claim of constructive discharge does not state a separate cause of action"). Therefore, to the extent that Bryant is asserting constructive discharge as a separate claim, Skyline's motion to dismiss is granted. However, Bryant remains free to assert constructive discharge as part of her overall Title VII claim against Skyline.

## III. CONCLUSION

For the reasons discussed above, Skyline's motion to dismiss is **GRANTED**.

**SO ORDERED**.

March 20, 2006.

A. JOE FISH
CHIEF JUDGE

---

[3](...continued)
in cases of hostile work environment harassment when an official act does not underlie the constructive discharge).